UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SARAH L. RICHARDSON, ET AL | CIVIL ACTION NO. 17-cv-0256 |
| VERSUS | JUDGE HICKS |
| CITY OF SHREVEPORT, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Sarah and Dee Jay Richardson, husband and wife, hired attorney Nelson Cameron to file this civil rights action. The complaint names as defendants Shreveport police officers, the City of Shreveport, the Caddo Parish Sheriff, and related defendants. Plaintiffs allege that the officers responded to a call for assistance at their home and then wrongfully arrested them for battery and drug charges. Plaintiffs also complain that jailers wrongfully refused to allow Mrs. Richardson her mental health medications, which led to hospitalization.

Before any defendant appeared, attorney Cameron filed a motion to withdraw in which he stated that he and Plaintiffs have "differences" and that the Plaintiffs terminated Mr. Cameron's representation on May 2, 2017. Cameron stated that Plaintiffs told him that they had retained other counsel, but Cameron did not know the name of that attorney. The court granted Cameron's request to withdraw and issued an order that was mailed to Plaintiffs at their home address. The order provided that Plaintiffs would be allowed 30 days from the May 4, 2017 order to serve the complaint and either enroll replacement counsel or notify the court of their intent to represent themselves. The order warned: "Failure to do so will result in dismissal."

The deadline for action passed approximately two weeks ago, but there has been no action of record by the Richardsons or any attorney acting on their behalf. The court provided ample time for the Richardsons to enroll new counsel or indicate that they desire to proceed without counsel. As far as the record indicates, they have done nothing. It is unlikely that Plaintiffs who are unwilling to take such simple steps are interested enough in their case to comply with the more demanding requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of June, 2017.

Mark L. Hornsby
U.S. Magistrate Judge